*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0094p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

————————————

BONNIE SULLIVAN; JOHN SULLIVAN,
              *Plaintiffs-Appellants,*

              *v.*

OREGON FORD, INC.,
              *Defendant-Appellee.*

No. 08-3673

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 07-01877—James G. Carr, Chief District Judge.

Argued: March 6, 2009

Decided and Filed: March 12, 2009

Before: KENNEDY, MARTIN, and COLE, Circuit Judges.

————————————

**COUNSEL**

**ARGUED:** Robert B. Thompson, HARRINGTON, THOMPSON, ACKER & HARRINGTON, Chicago, Illinois, for Appellants. Andrew J. Ayers, BAHRET & ASSOCIATES CO., Holland, Ohio, for Appellee. **ON BRIEF:** Robert B. Thompson, Laurence C. Acker, HARRINGTON, THOMPSON, ACKER & HARRINGTON, Chicago, Illinois, for Appellants. Andrew J. Ayers, Robert J. Bahret, BAHRET & ASSOCIATES CO., Holland, Ohio, for Appellee.

————————————

**OPINION**

————————————

COLE, Circuit Judge. Plaintiffs-Appellants Bonnie and John Sullivan (the "Sullivans") appeal the district court's grant of summary judgment in favor of Defendant-Appellee Oregon Ford, Inc., d/b/a Mathews Ford Oregon ("Mathews Ford") on their claims for damages arising out of a slip-and-fall incident at Mathews Ford on June 27, 2005. The Sullivans allege that Mathews Ford breached its duty to exercise ordinary care in

1

maintaining the premises in a reasonably safe condition. Mathews Ford moved for and the district court granted summary judgment because the Sullivans failed to show that Mathews Ford was responsible for the alleged hazard and failed to produce evidence that the hazard existed for a sufficient length of time to provide constructive notice. *See Sullivan v. Oregon Ford, Inc.*, 552 F. Supp. 2d 681 (N.D. Ohio 2008).

This Court reviews a grant of summary judgment de novo. *Barrett v. Whirlpool Corp.*, No. 08-5307, 2009 U.S. App. LEXIS 3443, at *14 (6th Cir. Feb. 23, 2009) (citing *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006)). The moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). We view factual evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 487 (6th Cir. 2006).

We have carefully reviewed the parties' briefs, the applicable law, and the district court's order granting summary judgment to Mathews Ford. We agree that no genuine issues of material fact exist and that defendants are entitled to judgment as a matter of law. Because the district court's decision is well-reasoned, we need not expand on its analysis. Therefore, we **AFFIRM** the grant of summary judgment to Mathews Ford for the reasons stated in the district court's opinion.